# IN THE COURT OF APPEALS OF IOWA

No. 15-0581
Filed September 10, 2015

**IN THE INTEREST OF K.D., T.D., AND N.D.,**
**Minor Children,**

**K.M., Mother,**
**Appellant.**

_____

Appeal from the Iowa District Court for Ida County, Mary L. Timko, Associate Juvenile Judge.

A mother appeals the termination of her parental rights. **AFFIRMED.**

David A. Dawson, until withdrawal, and Theresa Rachel of Deck Law, LLP, Sioux City, for appellant mother.

Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant Attorney General, and Meghan Cogsgrove Whitmer, County Attorney, for appellee State.

Amy Myres, Sioux City, for appellee father.

Lisa Mazurek of Mazurek Law Firm, P.C., Cherokee, attorney and guardian ad litem for minor children.

Considered by Doyle, P.J., and Mullins and Bower, JJ.

**DOYLE, P.J.**

K.M. is the mother and D.D. is the father of K.D., T.D., and N.D., all born after January 2011. In July 2012, the State filed petitions in juvenile court requesting the children be adjudicated children in need of assistance (CINA) after it was reported there was domestic violence and illegal drug use in the parents' home.[1] Substantial services were offered to and received by the family thereafter. The children were returned to the parents' care several times only to be removed again thereafter. In October 2014, the State filed its petition seeking termination of the parents' parental rights.

Following a termination-of-parental-rights hearing held over several days, the court entered its forty-eight page, double-spaced, extraordinarily detailed ruling terminating both parents' parental rights. Concerning the mother, the court found the State proved the statutory ground for termination of her parental rights found in paragraph (h) of Iowa Code section 232.116(1) (2013), and it concluded termination of her parental rights was in the children's best interests. The court's ruling indicated it received the State's exhibits through number 98 and the mother's exhibits through number 2; however, the transcript shows it also admitted the State's exhibits 101 through 108 and the mother's exhibit number 3.

After the court entered its ruling, the mother filed an Iowa Rule of Civil Procedure 1.904(2) motion seeking the juvenile court to address the mother's request for a guardianship as an alternative to termination of her parental rights. She did not raise any other issues in her motion. Thereafter, the court entered its

---

[1] The youngest child was not yet born at that time. The child was later adjudicated CINA after her birth.

ruling on her motion addressing the guardianship issue, finding a guardianship was not in the children's best interests and confirming its prior order terminating the mother's parental rights.

The mother now appeals.[2] She contends the juvenile court erred in (1) failing to consider all of the evidence admitted in the record; (2) denying her request for an additional six months to work toward reunification; (3) finding the children could not be returned to her care at the time of the termination-of-parental-rights hearing, the fourth element of the statutory ground found in paragraph (h) of section 232.116(1); (4) finding termination was in the children's best interests; and (5) finding the relationship between the mother and the children was not so close that termination of her parental rights would be detrimental to the children. In addition to the issues raised in her appellate petition, the mother filed a document entitled "Factual Errors in Termination Order," pointing out the juvenile court had misstated some facts in its forty-eight page ruling, such as stating the children were first removed in 2014, when the children were in fact removed in 2012. The document also challenged several of the court's conclusions, such as the court's statement that "the children are on the brink of never being able to bond with anyone without significant therapy and counseling." The State subsequently filed a motion to strike the mother's document, which was denied by our supreme court.

While there appear to be a few typos in the juvenile court's ruling, the mother did not request the juvenile court to address her concerns in her rule

---

[2] At the time of the termination-of-parental-rights hearing, the father was incarcerated. He does not appeal the termination of his parental rights.

1.904(2) motion, which is essential to preservation of error. *See In re A.M.H.*, 516 N.W.2d 867, 872 (Iowa 1994). Similarly, the mother's claim on appeal that the juvenile court failed to consider all of the evidence in the record was not raised in her rule 1.904(2) motion. Consequently, these issues are not preserved for our review. *See id.*

Additionally, we note the mother did not explain how any of the exhibits she claims the juvenile court failed to include in making its determination would have supported her arguments on appeal; and indeed, she could not, because most of those exhibits relate directly to the State's case for terminating the father's parental rights. Other exhibits included a doctor's note about the mother having influenza and service provider reports. It is clear the juvenile court considered the entire record in making its detailed ruling and its failure to list the later exhibit numbers in its ruling was an inadvertent scrivener's error.

In any event, we review the entire record de novo, including those exhibits not expressly mentioned by the juvenile court in its ruling. *See In re P.L.*, 778 N.W.2d 33, 40 (Iowa 2010). Ultimately, we agree with the juvenile court's assessment:

> [The mother] has asked the court to have the children returned or be given an additional six months to work towards reunification for the fourth time. After more than two and a half years of services, case planning, having the children be in and out of care, hiding the fact that she was using illegal drugs, and continuing to be involved in criminal activity, including her most recent felony charges, the court cannot find that returning the children at this time or to wait and see how [the mother] does within the next six months would be beneficial to anyone except [the mother]. The record does not support that an extension of six months of time would benefit the children in any way. In fact, the record reflects just the opposite for the children.
> . . . .

[The mother] cannot reasonably claim, given her inability to honestly move forward between the time services began in this case in July of 2012 through January 2015, that six more months would do it. She has barely begun to get her feet wet in services. She has yet to demonstrate her ability to be honest with her service providers so that the appropriate services can be provided. The fact that [the mother] never let anyone know of her drug usage during the previous two-and-a-half years was one of the many outright lies and a lie of omission that contributed to the inability to make consistent and steady progress in this case. . . .

Further, . . . [t]hese children need permanency. They have been in and out of their parents' care, relative care, and foster care. . . .

. . . .

An overabundance of time has been provided to [the parents] to utilize the services provided to them to demonstrate stability, growth, improved parenting, and progress on issues that brought this case to the court's attention and kept it there. Unfortunately, most, if not all, of that time was wasted. Time has run out.

. . . .

The court finds that it is in the best interest of the . . . children that the parental rights of their parents to them be terminated. They have been subjected to a life of instability that has negatively affected their long-term nurturing and growth given that they have had no significant length of time in their parents' care. The record shows that these children's safety has been compromised on numerous occasion due to the parents' domestic violence, the people to whom the children are exposed, and, last but not least, the allowing of an individual whom they knew to be dangerous, had threatened to kill them, and had robbed a bank to reside in their home with the children. [The parents] have yet to adequately address their own mental and emotional stability to the point that they can be entrusted to adequately address those same needs of the children.

Because we agree with the juvenile court's detailed ruling and cannot improve upon its lengthy analysis, we affirm without further discussion pursuant to Iowa Court Rule 21.26(1)(a), (d), and (e).

**AFFIRMED.**